

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

June 17, 2025

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Honorable Jeannette A. Vargas
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:      <u>*SEC v. Farnsworth*, No. 1:24-cv-09911 (JAV)</u>
                     <u>*SEC v. Vanderbilt*, No. 1:25-cv-04994 (JMF)</u>

Dear Judge Furman and Judge Vargas:

      Plaintiff Securities and Exchange Commission (the "SEC") respectfully writes to notify the Court of factual overlap concerning the above-referenced actions. *See* Rule 1.6, Duty of Attorneys in Related Cases.

      In *SEC v. Farnsworth* (the "Farnsworth Action"), which was filed on December 23, 2024, the SEC alleges, among other things, that Defendant Theodore J. Farnsworth ("Farnsworth") violated the anti-fraud provisions of the Securities Act and the Exchange Act by making false and misleading statements to investors concerning the business operations of Vinco Ventures, Inc ("Vinco") and Farnsworth's control over Vinco. Some of the alleged misrepresentations appeared in SEC filings.

      *SEC v. Vanderbilt* (the "Vanderbilt Action"), filed on June 13, 2025, concerns alleged misrepresentations regarding some of the same matters, in certain of the same filings, by Defendant Roderick Vanderbilt ("Vanderbilt") in his role as Vinco's nominal Chairman and Executive Chairman.

      The SEC did not identify the Farnsworth Action and the Vanderbilt Action as related cases in the Civil Cover Sheet for the Vanderbilt Action because the cases involve different

The Hon. Jesse M. Furman
The Hon. Jeannette A. Vargas
June 17, 2025
Page **2** of **2**

defendants and because the defendants in both actions have agreed to partial consent judgments that obviate the need for discovery as to liability, thereby minimizing the risk that, absent a determination of relatedness, there would be substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses. *See* Rule 13, Rules for the Division of Business Among District Judges. It is anticipated that, following the conclusion of parallel criminal actions against Farnsworth and Vanderbilt pending in the Southern District of Florida, the parties in the SEC civil actions will seek to resolve the remaining issues concerning monetary remedies.

    Nonetheless, as set forth above, there is substantial factual overlap between the two SEC actions. Accordingly, the SEC defers to the Court regarding any determination of relatedness.

                                        Respectfully submitted,

                                        */s/ Travis Hill*
                                        Travis Hill
                                        Senior Trial Counsel